IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| North Star Mutual Insurance,<br><br>        Plaintiff,<br><br>vs.<br><br>Daryn Fryer, Kevin Stastny, Kim Westerness, Joshua Scott, Kraft LLC, Nutrien Ag Solutions, Kory Lowen, Parker Weisenbeck, and Jerry and Candice Keller,<br><br>        Defendants. | **ORDER GRANTING MOTION FOR ATTORNEY'S FEES AND COSTS**<br><br>Case No.1:22-cv-051 |

Before the Court is Defendant Daryn Fryer's motion for attorney's fees and costs filed on August 7, 2024. See Doc. No. 63. Fryer seeks $16,932.00 in attorney's fees and $1,224.98 in costs. The Plaintiff, North Star Mutual Insurance ("North Star"), filed a response in opposition to the motion on August 22, 2024. See Doc. No. 65. Fryer filed a reply brief on August 28, 2024. See Doc. No. 66. For the reasons set forth below, the motion is granted.

### I.    BACKGROUND

North Star is a Minnesota insurance company with its principal place of business in Cottonwood, Minnesota. Defendant Daryn Fryer lives in Bismarck, North Dakota. North Star issued a homeowner's insurance policy to Fryer after he submitted an application on October 8, 2013. Fryer's homeowner policy was renewed for several subsequent years. The policy remained in effect until September 27, 2021.

In October 2020, the United States Bureau of Alcohol, Tobacco, Firearms, and Explosives, ("the ATF") issued Fryer a permit to purchase, store, transport, and use commercial fireworks (also referred to as "display fireworks".) Fryer subsequently began storing commercial fireworks and

1

consumer fireworks on his property. On September 11, 2021, Fryer and some volunteers set up a firework show on Nutrient Ag Solutions' property. While setting up the fireworks show, a firework exploded and caused bodily injury and property damage. Fryer informed North Star of the incident and sought coverage for personal liability and property claims.

On March 28, 2022, North Star initiated this declaratory judgment action seeking a declaration that the policy does not provide coverage to Fryer for the September 11, 2021, fireworks incident. See Doc. No. 1. Fryer and North Star both filed motions for summary judgment on December 5, 2023. See Doc. Nos. 45 and 49. On July 24, 2024, the Court issued its Order on Cross Motions for Summary Judgment granting Fryer's motion for summary judgment and denying North Star's motion for summary judgment. See Doc. No. 62. Fryer now moves for the recovery of costs and attorney's fees.

## II.     **LEGAL DISCUSSION**

Fryer brings this motion to recover attorney's fees and costs from North Star. North Star argues attorney's fees and costs are not appropriate in this case. North Star does not raise any objection to specific attorney's fees and costs in Fryer's verified statement of costs and fees (Doc. No. 64).

This is a diversity action and therefore North Dakota law governs the determination of attorney's fees. See Am. Home Assur. Co. v. Pope, 487 F.3d 590, 606 (8th Cir. 2007). It is well-established that North Dakota generally follows the "American Rule," "which assumes each party to a lawsuit bears its own attorney fees." Deacon's Dev., LLP v. Lamb, 2006 ND 172, ¶ 11, 719 N.W.2d 379 (citation omitted).  A successful litigant is not entitled to the recovery of attorney's fees unless they are expressly authorized by statute or by agreement of the parties.  Gratech Co. v.

Wold Eng'g, P.C., 2007 ND 46, ¶ 17, 729 N.W.2d 326. Fryer contends he is entitled to attorney's fees pursuant to Section 32-23-08 of the North Dakota Century Code, which reads in relevant part, "[f]urther relief based on a declaratory judgment or decree may be granted whenever necessary or proper." The parties dispute whether the attorney's fees and costs are necessary or proper.

In *State Farm Fire & Cas. Co. v. Sigman*, the North Dakota Supreme Court discussed the award of attorney's fees when an insured receives policy protection only by litigating coverage. 508 N.W.2d 323 (N.D. 1993). The court concluded,

> Litigation between an insurance company and its insured to determine coverage presents a unique situation. The insured pays premiums to receive protection, not a lawsuit from its insurer. When the insured gets that policy protection only by court order after litigating coverage, it is both "necessary" and "proper" to award attorney fees and costs to give the insured the full benefit of his insurance contract.

Id. at 326-27. "If an insured is not awarded attorney fees as supplemental relief, he is effectively denied the benefit he bargained for in the insurance policy." Id. at 327. The court further explained,

> [T]he insured has a contract right to have actions against him defended by the insurer, at its expense. If the insurer can force him into a declaratory judgment proceeding and, even though it loses in such action, compel him to bear the expense of such litigation, the insured is actually no better off financially than if he had never had the contract right mentioned above.

Id. (citing to 7C Appleman, *Insurance Law and Practice* § 4691, p. 283 (1979)).

This case presents the unique situation contemplated in *Sigman*. Fryer received the policy protection he bargained for only upon this Court granting summary judgment in his favor after he litigated coverage in a declaratory action brought by North Star. Accordingly, the award of attorney's fees is both "necessary and proper" under North Dakota law.

While the North Dakota Supreme Court concluded N.D.C.C. § 32-23-08 provided an independent ground for the award of attorney's fees in *Sigman*, the court also concluded the policy language required an award of attorney's fees. The relevant policy language provided that the

3

insurer covers "reasonable expenses an insured incurs at our request." Sigman, 508 N.W.2d at 325. The court stated, "The policy language is broad in scope, and we construe it to require [the insurer] to pay for [the insured's] costs and attorney fees in defending against [the insured's] declaratory judgment action." Id.

> The fact that this is a declaratory judgment action should have no effect on the award of "reasonable expenses" to the insured. [The insured's] rights are being determined in this cause and he is required to defend. [The insured] cannot avoid its responsibility…on the ground that the action is for declaratory judgment relief, when the effect upon the insured is as burdensome in its consequences as any other type of legal action.

Id. at 326 (citing to Occidental Fire & Cas. Co. v. Cook, 92 Idaho 7, 435 P.2d 364, 368 (1967)).

Here, Fryer's policy with North Star includes similar language to the policy in *Sigman*. North Star covers "the necessary costs incurred by an 'insured' at 'our' request for assisting 'us' in the investigation or defense of a claim or suit." See Doc. No. 1-2, p. 22. Similar to *Sigman*, the suit brought by North Star required Fryer to defend in an action seeking a determination of coverage. Therefore, under North Dakota law, the policy language entitles Fryer to costs and attorney's fees. The Court grants Fryer's motion for attorney's fees and costs.

### III. CONCLUSION

For the reasons set forth above, Fryer's motion for attorney's fees and costs (Doc. No. 63) is **GRANTED**. In the broad exercise of its discretion, the Court awards Defendant Fryer attorney's fees in the amount of $16,932.00 and costs in the amount of $1,224.98. The result is a total judgment of $18,156.98, to be taxed by the Clerk against North Star Mutual Insurance.

**IT IS SO ORDERED.**

Dated this 13th day of September, 2024.

/s/ Daniel L. Hovland

5

Daniel L. Hovland, District Judge
United States District Court